In the Matter of the Construction of the Will of CHARLES L. SMITH, Deceased.

Surrogate's Court, New York County, May 21, 1948.

*Weschler & Kohn* for Alice Hurley and another, individually and as administratrices *c. t. a.* of Charles L. Smith, deceased, and as executrices of Elizabeth M. Smith, deceased, petitioners.

*Thomas J. Minturn* for Mary G. Smith and another, individually and as executrices of Martha S. Keller, deceased, and another, respondents.

*Putney, Twombly, Hall & Skidmore* for Fidelity Trust Company of Pittsburgh, Pa., respondent.

DELEHANTY, S. When deceased made his will in 1921 he had interests under the will of his grandmother which had not yet vested in him in possession. His will undertook to dispose of such interests in this text:

" Second: I give, devise and bequeath unto my beloved wife, Elizabeth Mashey Smith one-third of any and all property, money or things which I may inherit or take under or by virtue of the will of my grandmother Martha McDonald Smith, which will is dated May 12th, 1873 and was probated in Allegheny County, Pennsylvania.

" Third: The remaining two-thirds of my interest in any and all property, money or things which I may inherit or take under or by virtue of the will of my grandmother Martha McDonald Smith, which will is dated May 12th, 1873, and was probated in Allegheny County, Pennsylvania, I give, devise and bequeath unto my brother Francis Gardner Smith and my sisters Mary Gardner Smith, Martha McDonald Smith and Annie Halsey Smith in equal portions, share and share alike, and in the event that my said brother or sister or any of them shall predecease me, I direct that the share of the one so dying shall go to his or her surviving brother and sisters."

Some two years later such interests vested and shortly thereafter the amount payable to deceased was redeposited by him in what appears to have been an *inter vivos* trust with the same corporate fiduciary which had administered the grandmother's estate. Matters were left in this state until 1934, when deceased, by codicil, reaffirmed his will with the single proviso that a legacy of $2,000 to a sister was made a first charge on the estate. Then in 1936 deceased executed a second codicil in which he again provided for the $2,000 legacy to his sister and went on to say the following:

" To my beloved wife, Elizabeth M. Smith, I bequeath all the interest accruing from my estate emanating from my inheritance in Pittsburgh, Allegheny County, Penns., until her death when it shall revoke to my brother and sisters then living.

" It is also directed that my apartment at Hudson View Gardens, New York City, all automobiles, household furnishings, silver-ware and jewelry, be placed in the hands of my beloved wife as a gift at my demise to be hers and hers alone, and also the remainder of my estate."

Deceased died shortly thereafter and the three papers mentioned were admitted as his last will. Letters testamentary issued to the widow of deceased. She died after ten years leaving a will under which the now accounting parties were appointed executors. As such executors they applied for and received letters of administration with the will annexed in the estate of this deceased. In behalf of the originally named

executrix, the widow, they have filed an account which is now before the court and in respect of which a construction of deceased's testament is sought.

The record before the court discloses that the sister of deceased, who was beneficiary of the $2,000 legacy, sought payment of it in 1937 and that such request for payment resulted in negotiations that eventuated in an agreement which the accounting parties now attack. The agreement is signed by the widow of deceased both individually and as executrix, by both living sisters of deceased in their individual characters, by one sister as executrix of a deceased brother and by both sisters as executrices of the estate of the deceased sister-legatee. These parties to the agreement individually and as fiduciaries spoke for all of the distributees of deceased. They spoke in the same character for all of the persons mentioned as beneficiaries in any of the three testamentary instruments.

The agreement recites that the property inherited by deceased from his grandmother's estate was then in the custody of the trust company to which deceased committed it. It then goes on to say that the widow's interests in the property would terminate with her death, that during her lifetime the trust company would continue to administer it, that two particular mortgage interests would be devoted to payment of the $2,000 legacy and would be accepted as such payment and that upon the death of the widow the principal would be paid over as provided in the agreement. The parties to the agreement other than the widow acknowledged that the $2,000 legacy had been paid and discharged the widow-executrix from all liability to them in her fiduciary character. The representatives of the widow's estate now say that there was no consideration for the agreement, that it was improperly authorized, that its terms are unjust, that the parties have not changed their positions by reason of the execution of the agreement and that it should now be set aside for various reasons stated.

In support of their contention respecting the lack of equity in the agreement the now accounting representatives of the deceased widow say that a correct construction of the testamentary instruments would vest the widow outright with one third of all of the property derived from deceased's grandmother's estate and would give her the life use of the remaining two thirds. Respondents contend, on the contrary, that the dispositive provisions of the second codicil were in complete substitution of the original provisions in the will respecting such property and that the agreement followed the dispositions

in the testaments of deceased. The banking corporation which has in its custody the funds and securities over which the parties contend was not cited in the proceeding but appeared voluntarily therein and filed an answer submitting itself to the jurisdiction of the court and requesting decision by this court respecting title to the property in its possession. The pleadings of the contending parties — the petition, the answer and the reply— nominally present issues of fact but it is apparent that the question really at issue is whether the construction of deceased's will which guided the terms of the settlement agreement is the correct construction.

The court is of the view that the dispositive provisions of the will of 1921 in relation to the property of deceased derived from his grandmother's estate were wholly superseded by the terms of the second codicil. The paragraph of such codicil first quoted above gave to the wife of deceased a legal life estate in the entire body of property originating with deceased's grandmother and it gave the remainder in the whole fund to the brother and sisters of deceased. Upon execution of the codicil the outright gift of one third of the property to the widow under paragraph second of the will was wholly superseded. Not only does the text require this construction but the background against which the codicil was drawn confirms it also. The assumption of deceased's widow and her attorneys when she entered into the agreement of settlement was a correct assumption as to the true meaning of deceased's will.

The parties are in agreement that no fact issue need be explored. The court construes the will in accordance with the foregoing statement of its meaning, holds that the agreement executed by the widow of deceased and the other parties interested in the estate is a valid and subsisting agreement and that the moneys in the hands of the corporate respondent are payable in pursuance of the terms of such agreement.

Submit, on notice, decree construing the will and settling the account accordingly.